UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:15-cr-13-FtM-38CM

MICHAEL J. RONGA
_____

**FINAL CRIMINAL PRETRIAL SCHEDULING ORDER**

The Court enters this Final Criminal Pretrial Scheduling Order for the above-captioned case:

1.   **Final Pretrial Conference**. The undersigned will hold a Final Pretrial Conference on **August 24, 2015, at 11 a.m.**, in Courtroom 5D of the United States Courthouse in Fort Myers, Florida. Defendant Ronga and counsel must be present in person.

2.   **Jury Instructions and Verdict Forms**. No later than **August 18, 2015,** counsel for each party must file and serve proposed jury instructions and verdict forms based on the United States Court of Appeals for the Eleventh Circuit Pattern Jury Instructions. If a pattern instruction is not available for a certain type of instruction, counsel must submit a proposed instruction, citing to case law that supports the requested non-pattern instruction. In addition, counsel must email proposed jury instructions and verdict forms in Microsoft Word® format to the Chambers mailbox. Include the case number and case name in the email subject line. Any party unable to comply with this requirement must immediately contact Courtroom Deputy Clerk Leslie Friedmann at 239-461-2068 or leslie_m_friedmann@flmd.uscourts.gov to make other arrangements.

3. **All Other Motions, Including Motions *In Limine***. No later than **August 18, 2015**, counsel for each party must file and serve all other motions, including motions *in limine*. The non-moving party's response(s) to any motion is due within **three (3) days** after being served with such motion. The moving party shall confer with opposing counsel in an attempt to resolve disputed matters prior to filing the motion(s).

4. ***Voir Dire* Questions**. No later than **August 18, 2015**, counsel for each party must file and serve proposed *voir dire* questions specific to the case. The Court will conduct *voir dire*, giving due consideration to the parties' proposed case-specific questions. Counsel must also email the proposed questions in Microsoft Word® format to the [Chambers mailbox](). Include the case number and case name in the email subject line. Any party unable to comply with this requirement must contact the Courtroom Deputy Clerk to make other arrangements.

5. **Witness Lists**. No later than **August 18, 2015**, counsel for each party must file and exchange a list of all witnesses who may be called at trial. In addition, on **the morning of trial, prior to jury selection**, counsel must provide three (3) copies of their final witness lists to the Courtroom Deputy Clerk. Counsel must use the Criminal Witness List form found on the [undersigned's website](). When completing the required Witness List form, counsel may ignore the column titled, "Date(s) Testified," as that column is reserved for the Court. Absent good cause, the Court will not permit the testimony of unlisted witnesses at trial over objection. This restriction does not apply to true rebuttal witnesses, i.e., witnesses whose testimony could not have been reasonably foreseen as necessary.

      6.      **Exhibit Lists**. On or before the **morning of trial, prior to jury selection**, counsel for each party must file and exchange a list of exhibits that may be introduced at trial. Counsel must use the Exhibit List form found on the [undersigned's website](). In completing the Exhibit List form, counsel must provide a descriptive notation sufficient to identify each exhibit. In addition, on **the morning of trial, prior to jury selection**, counsel must provide the Courtroom Deputy Clerk with three (3) copies of their respective exhibit lists and email the lists in Microsoft Word® format to the [Chambers mailbox](). Include the case number and case name in the email subject line. Any party unable to comply with this requirement must contact the Courtroom Deputy Clerk to make other arrangements.

    To avoid duplicate exhibits and confusion in the record, counsel must submit all stipulated exhibits as joint exhibits. Counsel must identify joint exhibits on a single exhibit list rather than separately list the joint exhibits on their individual exhibit lists. For example, if photographs or medical records are being stipulated into evidence, they should be marked as a joint exhibit and not listed separately by both (all) parties. Each party's individual exhibit list should include only additional exhibits to which objections have been asserted.

    **Marking Exhibits**. In advance of trial, counsel for each party must mark exhibits using the exhibit tags found on the [undersigned's website.]() Counsel must staple the appropriate colored, party-specific exhibit tab to the upper right corner of the first page. In completing the exhibit tags, the Government and defendant(s) must use consecutive numbers to mark exhibits. For example:

| Type of Exhibit | Examples and Instructions | |
|---|---|---|
| Government | Gov. 1, Gov. 2, Gov. 3, etc. | |
| Defendant | Def. 1, Def. 2, Def. 3, etc. | |
| Multiple Defendants | Number exhibits in the same order as the defendant's name appears on the indictment: D-1 Ex. 1, D-2 Ex. 1, etc. | |
| Joint Exhibits | Joint 1, Joint 2, Joint 3, etc. | |
| Composite Exhibits | Mark each exhibit in the composite separately using a number and lower case letter, e.g., Gov. 1a, Gov. 1b, Gov. 1c, etc. | And, identify each exhibit in the composite on a separate line in the exhibit list. |

If there are any questions regarding the exhibit lists and the exhibit tags, please contact the Courtroom Deputy Clerk.

    7.    **Electronic Exhibit Binder**. On or before the **morning of trial, prior to jury selection**, counsel for each party must provide the undersigned an **electronic** Exhibit Binder that contains all individual exhibits and joint exhibits each party intends to introduce at trial. Counsel must identify each exhibit separately using PDF bookmarks.[1]

The Electronic Exhibit Binder must be emailed to the [Chambers mailbox](). Include the case number and case name in the email subject line. If the file containing the Electronic Exhibit Binder is too large to email, counsel should provide the Court with a single CD or DVD of the binder. Please direct questions to the Courtroom Deputy Clerk.

---

[1] If an exhibit is physical evidence (e.g., drugs, ammunition, firearm), counsel should insert a placeholder exhibit that states, "Exhibit [Number] is [description of exhibit]." If an exhibit contains child pornographic images, counsel should either (a) provide a redacted version of the exhibit, or (b) insert a placeholder exhibit that states, "Exhibit [Number] contains child pornographic images."

8.     **Stipulations**. The parties must make every effort to (a) stipulate to as many facts and issues as possible, including stipulations as to the admissibility of evidence; and (b) limit, narrow, and simplify the issues of fact and law that remain contested.

9.     **Courtroom Technology**. The Court encourages the use of the available courtroom technology and expects counsel to be familiar with the equipment prior to trial. Thus, counsel should contact the Courtroom Deputy Clerk to test and/or be trained on the equipment well in advance.

10.    **Sanctions**. A party who does not comply with the preceding paragraphs may be subject to sanctions including, but not limited to, the preclusion of exhibits and witnesses at trial.

**DONE** and **ORDERED** in Fort Myers, Florida, this 14th day of July, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record